```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-60078-Civ-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE

ROLAND PALMER,                :

     Petitioner,              :

v.                            :     REPORT OF
                                    MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

Roland Palmer, a state prisoner confined at Moore Haven Correctional Facility, at Moore Haven, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his convictions entered in Case No. 99-22572 in the Seventeenth Judicial Circuit Court of Florida, at Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached exhibits, the Court has the petitioner's response to an order regarding the limitations period with supporting exhibits and the respondent's response to an order to show cause with multiple exhibits.

Palmer alleges that he received ineffective assistance of trial counsel, because his lawyer (1) failed to file a pre-trial motion to suppress his confession/statements based upon an

inadequate *Miranda*[1]-warning; (2) failed to object and challenge for cause biased juror Joanie Walker; and (3) failed to investigate the facts of the case and subpoena and call exculpatory witnesses to testify for the defense at trial. Palmer further claims that the cumulative effect of trial counsel's errors deprived him of his state and federal constitutional rights to due process of law.

The pertinent procedural history of this case is as follows. Palmer was convicted after jury trial of attempted carjacking (Count I), battery on a law enforcement officer (Count II), and tampering with physical evidence (Count III). (DE# 10; Ex. 3).  He was sentenced to a term of imprisonment of twenty years as to Count I, seven years as to Count II, and five years as to Count III. (DE# 10; Ex. 4). The terms imposed as to Counts II and III were imposed to run concurrently with the term imposed as to Count I. Id. Palmer's convictions and sentences were affirmed in a per curiam decision without written opinion issued on February 16, 2005. Palmer v. State, 894 So.2d 257 (Fla. 4 DCA 2005)(table).

Approximately six months later, Palmer returned to the trial court, filing on August 4, 2005, a pro se motion for post conviction relief pursuant to Fla.R.Crim.P. 3.850, raising the identical claims of ineffective assistance of trial counsel presented in the instant federal petition. (DE# 10; Ex. 10). The state filed a response to the motion with supporting exhibits, asserting that Palmer was not entitled to postconviction relief in that he had failed to demonstrate that he had received ineffective assistance of trial counsel pursuant to the standard established in Strickland v. Washington, 466 U.S. 668 (1984). (DE# 10; Ex. 11). By order entered on October 30, 2006, the trial court summarily denied

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the Rule 3.850 motion for the reasons asserted by the state in its response, a copy of which was attached to the court's order. (DE# 10; Ex. 12). On November 9, 2006, Palmer filed a timely pro se motion for rehearing. (DE# 10; Ex. 13). Due to error by the Clerk of Court, the trial court judge did not learn of the motion until nine months later. See Order Denying Defendant's Motion for Rehearing. (DE# 10; Ex. 14). By order entered on August 22, 2007, the motion for rehearing was denied. Id. Palmer filed a timely notice of appeal from the denial of his motion for postconviction relief. (DE# 10; Ex. 15). As of this date, the appeal remains pending in the Florida Fourth District Court of Appeal as Case No. 4D07-3920. (Exhibit C to Petitioner's Memorandum of Statement and Fact, Justifying the Petitioner's Consideration for Writ of Habeas Corpus)(DE# 8). See also http://www.4dca.org.[2]

While his state postconviction proceedings were ongoing in the state courts, Palmer came to this Court instituting the instant federal habeas corpus proceeding pursuant to 28 U.S.C. §2254 on January 10, 2008.[3] In his response to the order to show cause, the respondent asserts that the instant petition should be dismissed without prejudice for lack of exhaustion of state court remedies. (DE# 9). An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28

---

[2] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Florida Fourth District Court of Appeal, http://www.4dca.org, viewed this date, Palmer v. State, Case No. 4D07-3920. See Fed.R.Evid. 201.

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 16)(DE# 1).

U.S.C. §2254(b),(c).[4] See Mauk v. Lanier, 484 F.3d 1352, 1357 (11 Cir. 2007). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850. McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992).

---

[4] The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of     the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

From review of the record, it is clear that Palmer is currently in the process of exhausting his challenges to his convictions. The respondent, therefore, correctly maintains that dismissal is warranted under the circumstances of this case. See Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11 Cir. 2007), citing, Rose v. Lundy, 455 U.S. 509, 522 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Palmer cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Palmer challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254.

Since the instant proceeding has been timely filed and the petitioner has more than sufficient time to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his convictions and sentences, a dismissal rather than a stay of the instant proceeding is the appropriate course of action. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act). While this federal petition when filed was timely, in order for any future federal petition not to be time-barred, Palmer is advised that he must comply with the one-year statute of limitation requirement. See 28

5

U.S.C. §2244(d)(1)-(2).[5] Thus, the petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to this Court promptly after all state court remedies have been exhausted.[6] 28 U.S.C. §2244(d).

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

---

[5] Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. The judgment of conviction in the underlying criminal case became final at the latest on May 17, 2005, ninety days after the convictions were affirmed on direct appeal. Bond v. Moore, 309 F.3d 770, 773-74 (11 Cir. 2002)(holding that when a petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court, the statute of limitations under 28 U.S.C. §2244(d) does not begin to run until this 90-day window has expired). See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)(holding that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied); Supreme Court Rule 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the date of the entry of the judgment by a state court of last resort). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

[6] Palmer filed his Rule 3.850 motion 78 days after his convictions and sentences became final Consequently, there are only 78 days of untolled time in this case thus far.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 1<u>st</u> day of April, 2008.

*[signature]*

UNITED STATES MAGISTRATE JUDGE

cc: Roland Palmer, <u>Pro Se</u>
DC# 188167
Moore Haven Correctional Facility
P. O. Box 718501
1900 East State Road 78 NW
Moore Haven, FL 33471

Mitchell A. Egber, AAG
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428